SPRAGUE ADAMS, and others, in equity,

*vs.*

COUNTY OF PISCATAQUIS, and FRANK E. GUERNSEY, Treasurer.

Piscataquis.     Opinion May 7, 1895.

*Taxation. Towns. Incorporation. Annexation. Repeal. R. S., c. 6, § 80.*

The town of Elliotsville in Piscataquis county was incorporated by an Act of the Legislature approved February 19th, 1835. In 1848, the Legislature annexed to Elliotsville a portion of the town of Wilson. In 1858 the Act incorporating the town of Elliotsville was repealed. The county commissioners for Piscataquis county, at their December Term, 1891, made an assessment upon all the lands within the territory which formerly constituted the town of Elliotsville, for the repair of roads within said territory, in accordance with the provisions of R. S., c. 6, § 80.

*Held;* that when the Act incorporating the town of Elliotsville was repealed, the whole territory, which up to that time had been the town of Elliotsville, including the portion of the town of Wilson previously annexed to it, became one unincorporated township; and that the assessment of taxes by the county commissioners in the whole territory of the former town of Elliotsville for the repair of the roads in that unincorporated township, was proper and in accordance with the provisions of the statutes.

ON REPORT.

Bill in equity, heard on bill and answers, to determine the validity of an assessment for taxes made in 1891 by the commissioners of Piscataquis county upon the unincorporated lands comprising what was formerly the town of Elliotsville, its charter having been repealed in 1858. At the time of the repeal of the town charter, its territory included a part of what was formerly the town of Wilson, and in which the plaintiff's lands were situated.

The case is stated in the opinion.

*H. Hudson and J. S. Williams,* for plaintiffs.

*W. E. Parsons and F. E. Guernsey,* for defendants.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. Township eight, range nine, in Piscataquis county was incorporated as the town of Elliotsville, by an act of the legislature approved February 19th, 1835. In 1848 the legislature annexed to Elliotsville, a portion of the town of Wilson, which town was originally township nine in the same range. By the same act of the legislature, another portion of the town of Wilson was annexed to Greenville, and the remainder to Shirley, so that nothing remained of the town of Wilson. By an act of the legislature passed in 1858, the act of 1835, incorporating the town of Elliotsville, was repealed.

The county commissioners for Piscataquis county, at their December term, 1891, made an assessment upon all the lands within the territory which formerly constituted the town of Elliotsville, for the repair of roads within said territory, in accordance with the provisions of R. S., c. 6, § 80.

The complainants contend that this assessment was invalid because the county commissioners treated the whole of the original township, number nine, and that part of original township number eight, which had been annexed to Elliotsville by the act of 1848, as one "unincorporated township" and made an assessment upon the lands in both original townships for the repair of the roads in the whole territory. For this reason they seek an injunction against the county treasurer from further proceedings to enforce the collection of the tax.

No other objection is raised to the validity of the tax. The contention of the complainants' counsel is, that upon the passage of the act of 1858, repealing the act incorporating the town of Elliotsville, the territory of that town became divided into the original townships of which it had been composed. If this were true the assessment of the taxes would have been illegal and invalid, because, as contended by the complainants' counsel, county commissioners have no power to assess a tax in one township, under the section referred to, for the repair of roads in another.

But we think there is no merit in the complainants' contention. The town of Elliotsville, after the act of annexation, consisted of the whole of one original township and a part of another. When the repealing act went into effect the whole territory, which up to that time had been the town of Elliotsville, became an unincorporated township.

The act of 1848, dividing the town of Wilson and annexing that portion in which the complainants' lands are situated to the then town of Elliotsville, has never been repealed and certainly the act repealing the act of incorporation did not have that effect. It is a familiar principle that the legislature has the exclusive power to create counties and towns and to establish the boundaries thereof, it may add to or take from the territory of towns.

By the original act of incorporation and the subsequent act of annexation, the town of Elliotsville consisted of certain territory with established boundaries. How that territory was made up is a matter of no consequence. When the act of incorporation was repealed, the territory of the former town remained unchanged in its boundaries, and the inhabitants of such territory simply lost their rights under the former municipal charter.

The assessment of taxes by the county commissioners in the whole territory of the former town of Elliotsville, for the repair of the roads in that unincorporated township, was proper and in accordance with the provisions of the statutes.

*Bill dismissed with costs.*